# MELANIA PAITEL DE MORSOMÉ, Plff.,

## v.

# MUNICIPALITY OF YAUCO, Dft.

---

Ponce, Law, No. 223.

1. As the Porto Rican act of March 8, 1906, conferred upon the municipalities of Porto Rico general corporate powers, including perpetual succession, a seal, etc., a damage suit lies against such bodies for injuries caused by their negligence.
2. Section 32 of the organic act construed as giving such a right of action.

Opinion filed January 14, 1908.

---

*Messrs. Pettingill & Leake,* attorneys for plaintiff.

*The Attorney General of Porto Rico,* for defendant.

RODEY, Judge, delivered the following opinion:

This is an action for damages for personal injury to the plaintiff, caused, as it is alleged, by the negligence of the defendant in negligently and knowingly permitting a deep

Paitel de Morsomé v. Yauco.

gutter to run along one of its streets and be crossed by a narrow walk, not protected by guard rails or any light, by reason of which, in the darkness, plaintiff fell into said gutter and sustained severe injuries, including the fracture of her wrist and the fracture of her hip bone, besides numerous other bruises on face and body. The plaintiff is an old lady, sixty-nine years of age. The injury is said to have occurred on the 3d of February, 1907.

The defendant, by the attorney general of the island, demurs and answers. Its demurrer is general. Its answer is a complete denial of the facts. The demurrer is the matter before us. We have hurriedly examined the briefs filed by the attorney general, which include many citations from the supreme courts of California and Massachusetts, as well as from the Supreme Court of the United States.

On the authority of the case of Barnes v. District of Columbia, 91 U. S. 540, 23 L. ed. 440, and other cases, coupled with the provisions of § 32 of the organic act and the terms of the municipal act of Porto Rico of March 8, 1906, Sess. Laws, pp. 107 et seq., the demurrer is overruled.

The ground of the demurrer was that municipal corporations in Porto Rico could not be sued for their own negligence, on the ground that they were involuntary municipalities that partook of the character of the county, village, and school district quasi corporations of Massachusetts and the Mexican pueblo municipalities of California and New Mexico.

The 2d section of the act of the legislative assembly of Porto Rico referred to provides specifically that the inhabitants of any municipality within the meaning of that act "are hereby constituted a body politic and corporate, which shall have perpetual succession, may use its own official seal, sue and be sued,

enforce and defend actions at law and all manner of legal proceedings, acquire property by purchase, gift, or devise, by virtue of proceedings for the collection of taxes, by condemnation proceedings or by any other means permitted in law, and may hold, manage, and control the same."

Incidentally, we made a similar holding some time since in the case of Wilson v. Arecibo, 2 Porto Rico Fed. Rep. 278. The cause is therefore at issue under the general denial aforesaid.